IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHLEEN ALLISON, et al.,<br><br>  Defendants. | 1:11-cv-01821 GSA PC<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DIRECTING CLERK TO RETURN DOCUMENTS TO PLAINTIFF |

Plaintiff is a state prisoner proceeding pro se in this civil rights action. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

On December 8, 2011, the Court issued an order to show cause, requiring Plaintiff to show cause why his applications, to proceed in forma pauperis should not be denied based on Plaintiff's showing that he is able to afford to pay the filing fee for this action.[1] On December 14, 2011, Plaintiff filed a response to the order to show cause, confirming that he owns at least one investment account and asserting that his request for access to the funds was denied by Merrill Lynch. Plaintiff also refers to a securities fraud case #11c0347 without further

---

[1] Plaintiff filed two applications to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, on November 1, 2011 and November 10, 2011. Examination of Plaintiff's applications reveals that Plaintiff is able to afford the costs of this action. Specifically, Plaintiff declares under penalty of perjury that he has more than one million dollars in cash (which includes the balance of checking or savings accounts), two IRA accounts, stocks, bonds, securities, other financial instruments, and other valuable assetes.

explanation. Plaintiff states that he has no funds in his prison trust account.

On December 15, 2011, an order was entered, directing Plaintiff to provide further evidence to the Court about his bank and investment accounts outside the prison, in support of his application to proceed in forma pauperis. Plaintiff was specifically directed to file a written declaration, signed under penalty of perjury, informing the Court of each financial account he owns, identified by bank or other holder and account number, the approximate balance in each account, his efforts to gain access to the funds in the accounts, and the reasons he was denied access. Plaintiff was also directed to further explain his references to the securities fraud case #11c0347 and his relationship to the case.

On December 20, 2011, the Court received Plaintiff's response to the order. Plaintiff's submission consists of a declaration and exhibits numbered 1 through 350.[2] It appears that Plaintiff received a financial settlement from his father's estate, but the funds have been depleted due to settlement of estate taxes and child support. Although unclear from his statement and earlier submissions, it appears that Plaintiff is contesting the validity of his child support obligations. That question is not before this Court. The only specific information regarding financial accounts submitted by Plaintiff, indicating that funds are in an account under Plaintiff's name, are dated 2003. The Court has reviewed Plaintiff's declaration and exhibits and finds that Plaintiff has not come forward with any evidence that he currently has access to any financial accounts that would enable him to pay the filing fee for this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is granted. The Clerk's Office is directed to process Plaintiff's application to proceed in forma pauperis.

2. The Clerk's Office is directed to return to Plaintiff the documents received by the Court on December 20, 2011.

---

[2] Plaintiff also submitted a prison identification card dated April 21, 2011, and issued in Plaintiff's name. The Court will return the card to Plaintiff along with the rest of the documents submitted on December 20, 2011.

IT IS SO ORDERED.

Dated:  **January 4, 2012**                    /s/ **Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE