1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7
8

9   MATTHEW ALAN LOWRIE,              CASE NO. 1:11-cv-01821 GSA PC

10                    Plaintiff,     ORDER DISMISSING COMPLAINT, WITH
                                     LEAVE TO FILE AMENDED COMPLAINT
11        v.                         WITHIN THIRTY DAYS

12   K. ALLISON, et al.,             (ECF No. 1)

13                    Defendants.
   _____/
14

15                        **Screening Order**

16   **I.    Screening Requirement**

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

18   pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to

19   28 U.S.C. § 636(c).

20        The Court is required to screen complaints brought by prisoners seeking relief against a

21   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28   ///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the California Substance Abuse Treatment Facility at Corcoran (SATF), brings this civil rights action against the Warden at SATF.  Plaintiff claims that he is being denied access to the courts.

Plaintiff's claim is based on his allegation that the warden has instituted a new policy that mailroom staff shall no longer date stamp proof of service forms when legal documents are sent out. Plaintiff alleges that outgoing documents are no longer date stamped, but are provided with "the mark of an officer."

### A.    Access to Courts

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977).  Under prior law, Bounds was treated as establishing "core requirements," such that a prisoner alleging deprivation of the Bounds minima need not allege actual injury to state a constitutional claim. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element. Casey v. Lewis, 518 U.S.343  (1996).

1    To establish a <u>Bounds</u> violation, a prisoner must show that his prison's law library or legal

2  assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.  <u>Casey</u>,

3  <u>supra</u>, 518 U.S. 343, 347.  The right of access does not require the State to "enable the prisoner to

4  <u>discover</u> grievances" or to "<u>litigate effectively</u> once in court."  The <u>Casey</u> Court further limits the

5  right of access to the courts, as follows:

6              Finally, we must observe that the injury requirement is not satisfied
             by just any type of frustrated legal claim .... <u>Bounds</u> does not
7             guarantee inmates the wherewithal to transform themselves into
             litigating engines capable of filing everything from shareholder
8             derivative actions to slip-and-fall claims.  The tools it requires to be
             provided are those that the inmates need in order to attack their
9             sentences, directly or collaterally, and in order to challenge the
             conditions of their confinement.  Impairment of any <u>other</u> litigating
10            capacity is simply one of the incidental (and perfectly constitutional)
             consequences of conviction and incarceration.
11 <u>Casey</u>, <u>supra</u>, 518 U.S. at 346.

12   Here, Plaintiff fails to allege facts that state a claim for relief.  Plaintiff has made no reference

13 to any legal action he is pursuing that challenges the conditions of his confinement or his underlying

14 criminal conviction.  Plaintiff has not alleged facts indicating that any legal action was dismissed

15 because of a failure to have a date stamped proof of service.  As noted above, Plaintiff must allege

16 facts indicating actual injury to state a claim for relief.  That Plaintiff does not have a date-stamped

17 proof of service of his documents does not establish actual injury.  Plaintiff makes no reference to

18 any local rule or rule of court that requires such a document, or any rule that provides for dismissal

19 of a legal action on the ground that a proof of service was signed as opposed to date stamped.  This

20 claim should therefore be dismissed.  Plaintiff will, however, be granted **one** opportunity to file an

21 amended complaint that corrects this defect.

22   Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to

23 hold an individual defendant liable, Plaintiff must name the individual defendant, describe where

24 that defendant is employed and in what capacity, and explain how that defendant acted under color

25 of state law.  Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must

26 describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

27 ///

28

3

**III.    Conclusion and Order**

    The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.   The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).   Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.   George, 507 F.3d at 607 (no "buckshot" complaints).

    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

    Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.   Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."   King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

    Accordingly, based on the foregoing, it is HEREBY ORDERED that:

    1.      Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

    2.      The Clerk's Office shall send to Plaintiff a complaint form;

    3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

    4.      Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

    5.      If Plaintiff fails to file an amended complaint, the Court will recommend that this

4

action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 19, 2012**                 **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE